OPINION
This appeal was taken by Plaintiff, Larry N. Morgan, from an order of the court of common pleas that was entered and journalized on February 11, 2000. In that order, the court dismissed Morgan's complaint in case number 99-CV-965 for failure to state a claim upon which relief can be granted.
Morgan does not dispute the trial court's ultimate finding or disposition of his case. Instead, he argues that the trial court erred when it failed to grant a motion for default judgment that Morgan filed on January 10, 2000. The record reflects that Defendant, Vickie L. Chamberlin, had then been served with summons and complaint but had not filed a responsive pleading. She eventually filed an answer on February 7, 2000.
Civ.R. 55 governs default judgments. It applies the provisions of Civ.R. 8(D), which states:
 Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.
 However, averments stand as admitted and the pleader is entitled to judgment only if (1) the pleader has stated a claim upon which relief can be granted and (2) the averments are sufficient to establish liability without further proof. Klein/Darling, Civil Practice, Baldwin's, Section AT55-2.
Morgan's complaint set up a breach of contract claim. The operative facts he alleged were that Chamberlin had promised Morgan "that she would forever stay by his side and in his life," a promise that she presumably failed to keep. As a result, according to his complaint, Morgan "suffered a broken heart" and "endures deep hurt, deep sadness, apathy, sleep disturbances, an appetite change, and lack of concentration due to the betrayal of Vickie L. Chamberlin towards him." Morgan asked for compensatory and punitive damages totaling $50,000.
Civ.R. 59(A) provides that, upon the filing of a motion for default judgment, if "it is necessary . . . to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
Morgan had requested a jury trial. However, preliminary to that, the court conducted a hearing with both parties present on February 10, 2000, to investigate the basis of Morgan's complaint, which Civ.R. 59(A) permits. The court concluded that the complaint failed to state a claim upon which relief can be granted, and on that basis dismissed Morgan's complaint. Having thus found, the court was not also required to rule expressly on his motion for default judgment, which was denied by implication in the same ruling.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, J. and FAIN, J. concur.